## LIQUOR TRAFFIC IN "DRY" TERRITORY SUBJECT TO THE DOW-AIKEN TAX.

Court of Appeals for Williams County.

HARVEY J. BRANNAN, TREASURER, v. FRANK SCHARTZER ET AL.

Decided, May 15, 1915.

*Dow-Aiken Tax Not a License—Liquor Traffic in Dry Territory Subject to Assessment—Such Assessment Superior to a Prior Mortgage— Section 6071.*

1. When the business of trafficking in intoxicating liquor is carried on in a county in which such traffic has been prohibited, the business is subject to the Dow-Aiken tax.
2. An assessment under the Dow-Aiken law is in no sense a license fee and confers no authority to sell intoxicating liquor, but is a tax on the business which the law makes a lien on the premises where the business is carried on.
3. The lien of such a tax is superior to that of a mortgage executed and recorded prior to the entering of the tax on the duplicate or to the beginning of the traffic on the premises.

*John H. Schroder, Prosecuting Attorney*, and *A. O. Dickey*, for plaintiff.

*Newcomer & Gebhard*, contra.

CHITTENDEN, J.; RICHARDS, J., and KINKADE, J., concur.

This action is brought by the treasurer of Williams county to enforce a lien for taxes and penalty against the property of the defendant, Frank Schartzer. In July, 1914, Frank Schartzer pleaded guilty to two indictments charging him with violating certain liquor laws. Fines aggregating $460 were imposed upon him and he was sentenced to thirty days in jail.

Thereafter, by direction of the Auditor of State, the county auditor placed upon the liquor traffic duplicate an assessment under the Dow-Aiken law against the property of the defendant, Frank Schartzer, for the amount of $859.90, and $171.98 penalty, making a total for assessment and penalty of $1,031.88. The plaintiff seeks to have this assessment and penalty declared

a first lien and asks that the liens against the property of the defendant be marshaled, the property sold and the proceeds applied to their payment. The defendant, the Home Savings, Loan & Building Association Company, sets up the lien of a mortgage upon the property of Schartzer, given long before the imposing of the fines upon the defendant and the levying of the Dow-Aiken assessment upon his property. The building and loan company also sets up a tax title by reason of its purchase of the property at a tax sale held since the Dow-Aiken assessment was levied. The defendant, C. L. Newcomer, sets up a mortgage lien dating from September 23, 1914. The state of Ohio also sets up a lien for the unpaid portion of the fines that were imposed upon Schartzer for violation of the liquor laws. The defendant, Schartzer, filed an answer in which he sets up various facts in defense.

On trial in the common pleas court the petition of the plaintiff was dismissed and a finding and decree entered in favor of the loan company and other cross-petitioners and defendants.

There are few disputed facts arising in this case, and there does not appear to be any question as to the priority of the several liens except as to the lien for the Dow-Aiken tax. It is an undisputed fact that at the time of the alleged illegal sales the business of trafficking in intoxicating liquors was prohibited in Williams county.

It is contended, in the first instance, that no assessment under the Dow-Aiken law can be lawfully levied upon the business of trafficking in intoxicating liquors in a dry county, and that for this reason there is and can be no lien upon the property of the defendant Schartzer, because of the attempt to make such levy. Section 6071, General Code, provides that there shall be assessed yearly the sum of $1,000 upon the business of trafficking in intoxicating liquors. The law is stated in plain language and makes no exceptions because of the place in which, or the manner in which, such business is conducted. Wherever in the state of Ohio such business is carried on, the law provides that the sum of $1,000 shall be assessed upon the business. To hold

that this act does not apply to such business when conducted in dry territory would be to read into the statute an exception that is not found therein.

This question, however, is no longer open to discussion, as the the Supreme Court has directly passed upon it in *Burrell* v. *Holtz,* without opinion, 84 Ohio St., 497. We have been furnished with certified copies of the proceedings in the court of common pleas and circuit court and a copy of the journal entry in the Supreme Court. The identical question was raised in that case and the Supreme Court held that such assessment might be imposed upon the business when conducted in so-called dry territory. The Supreme Court decision affirmed the judgment of the circuit court on the authority of *Adler* v. *Whitbeck,* 44 Ohio St., 539, and of *Conwell* v. *Sears,* 65 Ohio St., 49.

Counsel for defendants contend that the Supreme Court reached a different conclusion in affirming the case of *Remick* v. *Haas,* without opinion, 85 Ohio St., 466. That case was considered by the circuit court on two different occasions. The opinion on the first consideration of the case is reported in *Haas* v. *Remick,* 13 C.C.(N.S.), 1(31 O. C C., 591), and was rendered in March, 1910. The decision there rendered was upon a demurrer to the petition. In the common pleas court a demurrer to the petition had been sustained and the plaintiff not desiring to plead further, final judgment was entered in that court and the cause appealed to the circuit court. Upon appeal, the circuit court overruled the demurrer and no final judgment was then entered in that court. In the course of the opinion of the circuit court upon their determining the question presented by the demurrer, that court did reach a conclusion contrary to that announced by the Supreme Court in *Burrell* v. *Holtz, supra.* Thereafter, in September, 1910, the cause came on further for hearing before the circuit court, when the case was disposed of upon grounds other than those mentioned in the opinion on the demurrer. The Supreme Court affirmed this judgment. It can not be said, therefore, that the affirmance of this decision by the Supreme Court is in conflict with the decision of the Supreme Court in *Burrell* v. *Holtz, supra.*

It is argued that the decisions above cited were rendered before the amendment to the Constitution in 1912 and the passing of the liquor license laws, and that the effect of the constitutional amendment and the liquor license laws is to render the above decisions inapplicable. It is contended that the imposing of the Dow-Aiken assessment amounts to a license to conduct a business that is illegal and that for this reason, it can not become a valid lien upon the property. We think it is a sufficient answer to this argument to state that the Dow-Aiken assessment is in no sense a license fee and does not confer any power upon the dealer in intoxicating liquors to conduct such business. It is purely a tax or an assessment upon the business which is made by statute a lien upon the property where the business is conducted. *Adler* v. *Whitbeck, supra.*

It is next urged that even if the assessment does constitute a lien upon the property, it is a subsequent lien to that of the mortgages to the Home Savings, Loan & Building Association. This question has been decided adversely to the claims of the loan company in the case of the *Pioneer Trust Co.* v. *Stich,* 71 Ohio St., 459. The tax and assessment liens will be paid from the proceeds of the sale of the property as provided in Section 2670, General Code.

It is further urged that the lien does not properly attach to more than that portion of the property owned by the defendant Schartzer, upon which the building stands in which the illegal sales took place. The evidence discloses that the entire premises described in the petition constitutes a single piece of property and that there is no part of it separated from the remainder by a fence, or any part that is used as a separate and distinct piece of property from that occupied by the residence in which the sales were made. The lien, therefore, we hold attaches to the entire premises described in the petition.

The limits of an opinion preclude the discussion in detail of the many other questions raised on this hearing. We have considered all the questions and have reached the conclusion indicated in this opinion.

A decree may be drawn in favor of the plaintiff, placing upon the tax duplicate such assessment as will correctly represent the time during which the premises were used for the sale of intoxicants, as provided by law; this amount to be determined by counsel and the auditor in the drawing of the journal entry. The cause will be remanded to the common pleas court for the purpose of carrying into effect the decree drawn in accordance with the foregoing opinion.