THE STATE, EX REL. SOUTHWELL, v. ZANGERLE, AUDITOR.

*Intoxicating liquors — Taxation — Section 6071, General Code — Aiken tax — Effect of prohibition amendment — Section 9, Article XV, Constitution, 1918.*

Section 6071, General Code, providing for the assessment of a tax upon the business of trafficking in intoxicating liquors is not inconsistent with Section 9, Article XV of the Ohio Constitution, adopted November, 1918, nor repealed thereby.

(Decided January 10, 1921.)

IN MANDAMUS.

*Mr. James A. White* and *Mr. David E. Green,* for relator.

*Mr. R. A. Baskin,* for defendant.

RICHARDS, J. This action was commenced in this court by George C. Southwell, a citizen and taxpayer of the city of Cleveland, Cuyahoga county, as relator, who brought the suit on behalf of himself and all others in like situation. The object and purpose of the action is to compel the defendant, as county auditor, to place upon the tax duplicate for collection an unpaid Aiken tax assessment against one Frederico Bevilacqua for trafficking in intoxicating liquors in the city of Cleveland in July, 1919.

The amended petition avers that the prosecuting attorney, upon request so to do, refused to bring the action, and that relator gave to the defendant, as county auditor, satisfactory information that said Frederico Bevilacqua was trafficking in intoxicating liquors at the time and place named, and that

the county auditor acknowledged that the information was satisfactory but made the claim that the Dow-Aiken tax law was inoperative and contrary to the prohibition amendment to the Constitution of Ohio.

The amended petition was met by a demurrer, and the sole question for determination by the court is whether Section 6071 and the following sections of the General Code, relating to the taxation of the traffic in intoxicating liquors, are in force and effect since the adoption of the prohibition amendment to the Ohio Constitution.

It is provided by Section 22 of the Schedule of the Constitution as amended November 5, 1918, that Section 9, Article XV, shall take effect on the 27th day of May, 1919, "at which time original sections 9 and 9a of Article XV of the Constitution and all statutes inconsistent with the foregoing amendment shall be repealed." If Section 6071 and the following sections of the General Code are inconsistent with the foregoing amendment of the constitution to which reference has just been made, then no assessment can be levied upon the business of trafficking in intoxicating liquors and mandamus will not lie. On the other hand, if those sections are not inconsistent with the amendment, then mandamus will lie and is the appropriate remedy to enforce the duty imposed by statute on the county auditor.

Decisions have been made by various courts in Ohio that an assessment upon the traffic in intoxicating liquors could be collected, although the business was carried on in violation of a municipal ordinance, and that it could be collected when the busi-

ness was conducted in a township or county where
local option had been adopted and the traffic thus
prohibited.   See *Conwell* v. *Sears, Treas.,* 65 Ohio
St., 49, and *Brannan, Treas.,* v. *Schartzer,* 4 Ohio
App., 356.

Everybody knows and therefore the court will
take notice that the prohibition of the traffic in in-
toxicating liquors does not necessarily prevent that
traffic at all times and in all places.   Therefore the
general assembly, by proper legislation and in
furtherance of the policy made manifest by the pro-
hibition amendment, is not guilty of inconsistency
and may lawfully assess a tax upon the business
even though it has been prohibited by the constitu-
tion.   We see no inconsistency in taxing a traffic
which has been rendered illegal, and it is imma-
terial, so far as consistency or the lack of it is con-
cerned, whether the illegality arises because the
traffic is prohibited by an ordinance, or by a statute,
or by an amendment to the constitution.   In either
event, the traffic is equally unlawful.   Repeated de-
cisions have established the doctrine that when the
business of trafficking in intoxicating liquors is ren-
dered unlawful, in a limited area, it is not incon-
sistent to tax whoever is guilty of violating the law
by conducting the business in that territory.
Surely if the tax is not inconsistent when assessed
upon a violator of the statute in such restricted
territory, it can not be inconsistent when assessed
upon one who violates the law in conducting the
traffic when rendered unlawful throughout the
entire state.

The question was very thoroughly considered in
an elaborate opinion by Judge Cooley, in *Young-*

*blood et al.* v. *Sexton,* 32 Mich., 406. In the course of the opinion, Cooley, J., speaking for the court, says at page 425:

"The federal laws give us illustration of the taxation of illegal traffic. A case in point was that of the taxation of the liquor traffic in this state previous to the repeal of the prohibitory law; the federal law found a business in existence and it taxed it without undertaking to give it any protection whatever. *McGuire* v. *Com.,* 3 Wall., 387; *Pervear* v. *Com.,* 5 Wall., 475. What would have prevented the state from taxing the same traffic at the same time? Is it any more restricted in the selection of subjects of taxation than the general government is? If one may tax and at the same time refuse to protect may not the other do the same? The only reason suggested for a negative reply to these questions is, that it was the state itself, not the United States, that made the business illegal, and it would be inconsistent and absurd to declare it illegal and at the same time tax it. But how the inconsistency would appear in one case rather than the other is not apparent. * * * If one puts the government to special inconvenience and cost by keeping up a prohibited traffic or maintaining a nuisance, the fact is a reason for discriminating in taxation against him; and if the tax is imposed on the thing. which is prohibited, or which constitutes the nuisance, the tax law, instead of being inconsistent with the law declaring the illegality, is in entire harmony with its general purpose and may sometimes be even more effectual."

See also *Pinasco* v. *United States,* 262 Fed. Rep., 400.

That the general assembly of Ohio construed the taxation of the traffic in intoxicating liquors to be not inconsistent with the prohibition amendment is perfectly apparent from the fact that it repealed various sections of Title II, Chapter 15 of the General Code relating to intoxicating liquors, and left the sections, providing for the assessment of the tax, in full force.

The court of appeals of Jefferson county arrived at the same conclusion that we have reached in an opinion in the case of *Krnich* v. *McCleary, Treasurer,* the opinion of the court being prepared by Pollock, J., and the decision bearing date December 18, 1920.

*Demurrer overruled, and judgment for relator.*

KINKADE and CHITTENDEN, JJ., concur.

Judges of the Sixth Appellate District, sitting in place of Judges DUNLAP, VICKERY and WASHBURN of the Eighth Appellate District.